UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JERWAYNE SINCLAIR,
ALEXANDER ZARLENGO,

                              Civil Action No.: 17CV1058

                  Plaintiff,

                              **COMPLAINT**

      -against-

                              **Jury Trial Demanded**

TEA AT THE CENTER, INC.,

                  Defendant.
-----------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiff Jerwayne Sinclair and Alexander Zarlengo, by and through their attorney, David C. Wims, Esq., as and for a complaint in this matter, complain against Defendant Tea At The Center, Inc., d/b/a T-Fusion Steakhouse, as follows:

**COUNT I**

1. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, *as amended,* 29 U.S.C. § 201 *et. seq.* (hereinafter designated as "the Act"). Specifically, jurisdiction is conferred upon this Court pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b) and the Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue lies within this judicial district, since all of the actions complained of herein occurred within the Eastern District of New York. Defendant maintains its residence within this judicial district, and its headquarters are located herein at 3223 Quentin Road, Brooklyn, New York 11234.

3. At all times relevant and material herein, Plaintiffs were employees of Defendant Tea At The Center, Inc. within the meaning of the Act, 29 U.S.C. § 203(e)(1). At all times herein relevant, Defendant was an enterprise engaged in commerce with annual revenues in excess of $500,000.00.

4. Defendant Tea At The Center, Inc., is a corporation duly licensed and organized under the laws of the State of New York, and is engaged in the restaurant and catering business, whose employees used goods traveling across state lines for interstate commerce, the wires and the mails.

5. Defendant employed Plaintiff Sinclair as a kitchen worker from February 2015 until June 2016 and Plaintiff Zarlengo as a kitchen worker from May 2016 until November 10, 2016.

6. Throughout said employment, Plaintiffs used goods which moved in interstate commerce.

7. During the workweek beginning February 2015 through the date of filing this Complaint, Plaintiffs worked ten (10) hours per day, five (5) days per week. At all times herein relevant, Defendant paid Plaintiffs their respective hourly rates for all hours worked and so failed and refused to compensate Plaintiff at time and one-half of their hourly wages to which they were entitled by reason of Section 7 of the Act, 29 U.S.C. § 207.

8. As a result of the foregoing unlawful conduct on the part of the Defendant, Plaintiffs have suffered damages in an amount not presently ascertainable, subject to review of Defendant's payroll records.

9. Plaintiffs have demanded their compensation but to date Defendant has failed and refused to so pay Plaintiffs.

10. Plaintiffs further seek liquidated damages as a result of Defendant's willful failure and refusal to pay minimum wages and overtime in violation of the Act.

**COUNT II**

11. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 9 of Count I of this Complaint as Paragraphs 1 through 10 of this Count II.

12. As more specifically set forth herein above, Plaintiffs worked in excess of forty (40) hours per workweek without receipt of overtime compensation therefor.

13. During said time period, Plaintiffs were paid their hourly rates for all hours worked regardless of the number of hours worked each workweek, in violation of New York Labor Law § 652.

14. Plaintiffs have made a demand upon the Defendant for the time-and-one-half overtime compensation to which they are entitled, but the Defendant has failed and refused to pay same.

15. As a result of the foregoing unlawful conduct on the part of the Defendant, Plaintiffs have suffered damages in an amount not presently ascertainable.

16. Plaintiffs further seek liquidated damages as a result of Defendant's willful failure and refusal to pay minimum wages and overtime in violation of the New York Labor Law § 663.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiffs and against the Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* and the New York Labor Law;

B. Award Plaintiffs actual and compensatory damages in the amount shown to be due for unpaid overtime compensation, with interest;

C. Award Plaintiffs an equal amount in liquidated damages;

D. Award Plaintiffs equitable and declaratory relief as determined by the Court;

E. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

**PLEASE TAKE NOTICE** that Plaintiffs request a jury trial on all issues of fact raised by this Complaint.

Dated: Brooklyn, New York

February 24, 2017

_____/s/_____
LAW OFFICE OF DAVID WIMS
David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiffs*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550