UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JERWAYNE SINCLAIR,
ALEXANDER ZARLENGO,

                    Plaintiffs,

      -against-

TEA AT THE CENTER, INC.,

                    Defendant.
-------------------------------------------------------------- X

**REPORT AND RECOMMENDATION**

17 Civ. 1058 (DLI) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

    Plaintiffs filed this action seeking damages for alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") § 652. See Complaint, ECF No. 1; Declaration of David C. Wims ("Wims Decl."), ECF No. 9-1 ¶ 5. On March 3, 2017, Plaintiffs accepted a Rule 68 Offer of Judgment in the amount of $7,400, with $3,168 to be paid to Plaintiff Sinclair and $4,232 to be paid to Plaintiff Zarlengo. See ECF No. 6-1 ¶ 1. The Honorable Dora L. Irizarry referred this action to the undersigned for a fairness hearing and for a report and recommendation. See ECF Order, 3/13/2017. The Parties filed their joint motion for approval of the settlement on April 11, 2017. See ECF No. 9. This Court held a fairness hearing on April 18, 2017. See Transcript of April 18, 2017 Hearing, ECF No. 10.

    Settlements dismissing FLSA claims with prejudice must be approved by the district court or the Department of Labor in order to take effect. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). To determine whether an FLSA settlement is fair and reasonable, the court considers "the bona fides of the [parties'] dispute, including (1) the plaintiff's range of possible recovery; (2) the seriousness of the litigation risks faced by the

1

parties; (3) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses that would be incurred if they proceeded with litigation; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) whether there is fraud or collusion." See Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15-CV-6953 (SJ) (PK), 2016 U.S. Dist. LEXIS 138128, at *1 (E.D.N.Y. Oct. 3, 2016), R&R adopted, 2016 U.S. Dist. LEXIS 146247 (E.D.N.Y. Oct. 21, 2016) (quoting Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).  The court must also determine whether any attorneys' fees provided for by the agreement are "reasonable." Flores v. Food Express Rego Park, Inc., No. 15-CV-1410 (KAM) (SMG), 2016 U.S. Dist. LEXIS 11351, at *1 (E.D.N.Y. Feb. 1, 2016).

As stated herein and as discussed on the record, this Court respectfully recommends the motion for settlement approval at ECF No. 9 be granted.

Plaintiffs allege that Defendant paid them each straight time for all hours worked.  Wims Decl., ECF No. 9-1 ¶ 12; Compl., ECF No. 1 ¶ 7.  Before filing this action, Mr. Sinclair, without an attorney, reached an out-of-court settlement of his overtime claims in the amount of $6,500 with Defendant in late 2016, which Defendant paid.  Id. ¶¶ 13-14; Tr. at 5:3-9.  Mr. Sinclair and Mr. Zarlengo subsequently retained Mr. Wims as their attorney.  Tr. at 5:10-12.

After an initial exchange and review of the relevant employment records, counsel for the Parties agreed that Plaintiffs were arguably not paid certain overtime owed to them over the course of their employment with Defendant.  Wims Decl., ECF No. 9-1 ¶¶ 6, 10.  Counsel then engaged in arms'-length settlement negotiations, during which they reached a settlement agreement based on the Parties' respective recollections of hours worked and wages paid.  Id. ¶¶ 6, 10-11.  They intended to effectuate the settlement through an accepted Rule 68 Offer of

Judgment.  In his declaration, Plaintiffs' counsel states that Mr. Sinclair will recover $4,000 from the settlement amount while Mr. Zarlengo will recover $3,000.  Id. ¶¶ 14-15.  While these amounts differ from those set forth by Defendants in the Rule 68 offer itself, see ECF No. 6-1 ¶ 1, Defendant's counsel stated at the hearing that Defendant does not have an interest in how the $7,400 settlement amount is allocated between the two Plaintiffs.  Tr. at 13:18-14:3.

Plaintiff Sinclair contends that if he recovered all of the unpaid overtime and liquidated damages which he alleged, the total amount he would receive would be $8,000.  Wims Decl., ECF No. 9-1 ¶ 14; Tr. at 6:8-24.  As noted above, Mr. Sinclair had received previously from Defendant $6,500 of that $8,000 pursuant to an out-of-court settlement agreement.  Wims Decl., ECF No. 9-1 ¶ 14.  Thus, the balance of the total amount Mr. Sinclair claims to be owed by Defendant is $1,500.  Tr. at 6:23-7:10.  Mr. Sinclair will collect $4,000 as a result of the instant resolution, raising the total amount collected by Mr. Sinclair to $10,500.  Id.  Even after deducting one-third, or $1,333.33, from the $4,000 settlement for attorney's fees, Mr. Sinclair will collect $9,166.67, which is $1,166.67 more than he claims he is owed.

Plaintiff Zarlengo claims he is owed $3,000 in unpaid overtime and liquidated damages, and he will collect $3,000 as a result of this resolution.  Wims Decl., ECF No. 9-1 ¶ 15;[1] Tr. at 7:12-8:7.  Mr. Zarlengo will pay $1,000 for attorney's fees, leaving a balance of $2,000.

During the hearing, the Court questioned Plaintiffs' counsel as to the differing recovery rates as to each Plaintiff, specifically why Mr. Zarlengo settled for the exact amount he claims he is owed while Mr. Sinclair settled for nearly three times the balance of what he claims is owed. Tr. at 8:8-22; 9:19-10:1; 11:2-23.  According to Plaintiffs' counsel, from Plaintiffs' perspective,

---

[1]   Mr. Wims stated that his declaration contains a typo.  See Tr. at 7:21-8:4.  It states Mr. Zarlengo is entitled to $2,000 in unpaid overtime compensation when he is actually entitled to $3,000.  Id.

3

Mr. Sinclair worked for Defendant for a longer period of time than Mr. Zarlengo without receiving proper overtime, so equities suggest he should receive a greater recovery than Mr. Zarlengo. Id. at 9:1-12. From Defendant's perspective, Defendant's counsel's calculations indicated that Mr. Sinclair was arguably owed more in damages than Plaintiff's counsel had concluded he was owed, such that the recovery for each Plaintiff was similarly proportionate. Id. at 13:3-16.

As a more general factor in deciding to settle for the negotiated amounts, neither Plaintiffs nor Defendant made or kept contemporaneous records of all of Plaintiffs' work hours. Wims Decl., ECF No. 9-1 ¶ 11. Plaintiffs, in negotiating the settlement, recognized that the evidence of the hours they worked for Defendant would consist solely of their testimony and would be disputed by their supervisors with Defendant. Id. ¶ 16; Tr.at 5:14-18. Plaintiffs also considered Defendant's ability to satisfy a future judgment against it. See Tr. at 5:19-21. This Court finds Plaintiffs' rationale for settling for a total amount slightly below a full recovery to be persuasive. Given the lack of records, the factfinder in this case would be required to make a credibility determination should this case proceed to trial, which may result in a less favorable award to Plaintiffs than they are receiving here. There is also an obvious benefit to settling at this juncture, rather than at an undetermined point in the future when Defendant may not be able to satisfy a judgment against it.

Given counsels' description of the negotiation in the submission at ECF No. 9 and during the hearing, I believe that this settlement is the result of an arms'-length settlement negotiation, and I also believe that it is fair and reasonable as between Plaintiffs and Defendant. See, e.g., Flores, 2016 U.S. Dist. LEXIS 11351, at *3-6 (where plaintiff accepted a settlement from defendant worth one-third of plaintiff's total claimed damages, the court concluded that the

4

settlement agreement reached was fair and reasonable in light of the risks and expenses presented by moving forward with the litigation, but reduced plaintiff's counsel's fee award from 40% to 35% of the total settlement recovery); Larrea v. FPC Coffees Realty Co., Inc., No. 15 Civ. 1515 (RA), 2017 U.S. Dist. LEXIS 69166, *4 (S.D.N.Y. May 5, 2017) (the court declined to approve the settlement agreement on other grounds, but found the amount of the settlement, which represented 43 percent of Plaintiffs' anticipated maximum recovery including cumulative liquidated damages, or 61 percent of Plaintiffs' maximum recovery excluding one award of liquidated damages, reasonable in light of the "legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement") (internal citations & quotations omitted).  It is fair and reasonable as to Mr. Sinclair because he is receiving $4,000, which brings the total amount he will receive from Defendant to $10,500.  Even after deducting $1,333.33 for attorney's fees, Mr. Sinclair is receiving more than he claims he is owed for his allegedly unpaid wages and his liquidated damages.  Mr. Zarlengo will receive $3,000 from Defendant, which is the total sum of his allegedly unpaid wages and liquidated damages.  Although Mr. Zarlengo will receive only $2,000 following the deduction of attorney's fees (but not costs), he has a legitimate interest in settling at this juncture for two-thirds of all his conceivable damages given the lack of records in this case.  Thus, I find the settlement is fair and reasonable as between Mr. Zarlengo and Defendant.

     Plaintiffs' counsel, David Wims, requests attorney's fees in the amount of $2,333.33, to be deducted from the settlement amount, based on contingency retainer agreements which provide that Mr. Wims is entitled to one-third of any and all recovery, plus costs.  Mr. Sinclair will pay Mr. Wims $1333,33, while Mr. Zarlengo will pay Mr. Wims $1,000.  Decl., ECF No. 9-

1 ¶¶ 4, 17;[2] Retainer Agreements, Exh. 1, ECF No. 9-2; Tr. at 14: 8-13. Plaintiffs' costs were provided for in the $7,400 Offer of Judgment. Tr. at 14:16-19. Plaintiffs' counsel provided contemporaneous time records for all work performed in this case. Wims Decl., ECF No. 9-1 ¶ 9; Attorney Time Records, Exh. 3, ECF No. 9-4. As Plaintiffs' counsel spent 9 hours litigating this case at a rate of $350 per hour,[3] his fee using a lodestar calculation is $2,800. Id. ¶ 18. Thus, the requested fee is less than the amount reached using a lodestar method. Id.

Plaintiffs stated in open court that they agreed with the settlement, were satisfied with their attorney's work on their behalf and understood that their attorney was to be paid out of the amount they received from Defendant. Tr. at 16:10-18:12. For these reasons, the settlement is also fair and reasonable as between Plaintiffs and Plaintiffs' counsel.

I therefore respectfully recommend approval of the settlement.

---

[2] Mr. Wims's declaration erroneously deducted from the settlement amount an additional $200 per Plaintiff to provide for his costs. At the hearing, Mr. Wims clarified that Plaintiffs' costs were included in the $7,400 Offer of Judgment. Tr. at 14:16-19.

[3] Mr. Wims has thirteen years of experience practicing in New York, and he has concentrated his work in the area of employment law, including wage and hour litigation. Wims Decl., ECF No. 9-1 ¶¶ 19-20. He claims to have litigated FLSA overtime claims extensively in state and federal courts on behalf of both employees and employers. Id. ¶ 20. Mr. Wims contends his rate was recently approved by District Judge Cogan in Coakley v. Kingsbrook Jewish Medical Center, No. 16 Civ. 7009. A review of the docket in that case reveals that District Judge Cogan approved "attorney's fees in the amount of one-third of the settlement" as reasonable – not Mr. Wims's requested rate. See No. 16 Civ. 7009 (BMC), 2/22/2017 Order. Still, Mr. Wims's rate is reasonable and in line with rates awarded in this district to counsel with comparable experience. See Janus v. Regalis Constr., Inc., No. 11 Civ. 5788 (ARR) (VVP), 2012 U.S. Dist. LEXIS 127008, at *40-41 (E.D.N.Y. July 23, 2012) (awarding partner with "extensive" experience in wage litigation $350 per hour); Callier v. Superior Bldg. Servs., Inc., No. 09 Civ. 4590 (ILG) (JMA), 2010 U.S. Dist. LEXIS 140232, at *20 (E.D.N.Y. Dec. 22, 2010) (same).

The Parties waived their objections to this report and recommendation during the fairness hearing.  Tr. at 19:20-20:6.

Dated:   Brooklyn, New York
            May 26, 2017

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge